**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ALEXANDER BARDIS, et al., | : | CIVIL ACTION NO. 11-814 (MLC) |
| Plaintiffs, | : | **O P I N I O N** |
| v. | : | |
| KITTY STINSON, et al., | : | |
| Defendants. | : | |

**THE PLAINTIFFS** — who are New Jersey citizens — brought this action on February 10, 2011, to recover damages for breach of contract, and assert jurisdiction under 28 U.S.C. § ("Section") 1332. (Dkt. entry no. 1, Compl.; dkt. entry no. 3, Am. Compl.) The Court will <u>sua sponte</u> dismiss the Amended Complaint without prejudice, as the plaintiffs have failed to properly allege the citizenship of each defendant. <u>See</u> Fed.R.Civ.P. 12(h)(3) (instructing court to dismiss complaint if jurisdiction is lacking).

**THE PLAINTIFFS** merely allege that the defendant "Kitty" Stinson ("Stinson") has "a principal office" in Pennsylvania. (Am. Compl. at 1.) An allegation as to where a person resides, is licensed, or has a place of business — as opposed to is a citizen or is domiciled — will not properly invoke the Court's jurisdiction. <u>See</u> <u>McCracken v. ConocoPhillips Co.</u>, 335 Fed.Appx. 161, 162-63 (3d Cir. 2009); <u>Cruz v. Pennsylvania</u>, 277 Fed.Appx.

160, 162 (3d Cir. 2008). The Court also is concerned that "Kitty" Stinson is not Stinson's true name.

**THE PLAINTIFFS** merely allege that the defendant Stinson Claims Services ("SCS") is a corporation with "a principal office" in Pennsylvania, and that the defendant Cumberland Insurance Group ("CIG") is a corporation with "a principal office" in New Jersey. (Am. Compl. at 1.) Assuming that SCS and CIG are indeed corporations, the plaintiffs fail to allege the states in which each of these defendants is incorporated and has "its" – as opposed to "a" – principal place of business. 28 U.S.C. § 1332(c)(1); Hertz Corp. v. Friend, 130 S.Ct. 1181, 1185-86, 1192-93 (2010); Brooks-McCollum v. State Farm Ins. Co., 376 Fed.Appx. 217, 219 (3d Cir. 2010), cert. denied, 131 S.Ct. 459 (2010); S. Freedman & Co. v. Raab, 180 Fed.Appx. 316, 320 (3d Cir. 2006).

**THE PLAINTIFFS** have failed to show that they are deemed to be citizens of a different state in relation to each defendant. See 28 U.S.C. § 1332(a)(1); Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (requiring complete diversity between each plaintiff and each defendant). Thus, the Court will dismiss the Amended Complaint, but will do so without prejudice to the plaintiffs to either – within thirty days – (1) recommence the action in state court, as the limitations period is tolled by the filing of a federal complaint, see Jaworowski v. Ciasulli, 490 F.3d 331, 333-

2

36 (3d Cir. 2007); Galligan v. Westfield Ctr. Serv., 82 N.J. 188, 191-95 (1980), or (2) move in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules to reopen the action in federal court, with documentation properly demonstrating the citizenship of each party. If the plaintiffs opt to move to reopen, then they do so at their own peril, as the Court will not further extend the thirty-day period to proceed in state court.

**THE PLAINTIFFS** are advised – if they opt to move to reopen – that jurisdiction is measured "against the state of facts that existed at the time of filing". Grupo Dataflux v. Atlas Global Grp., 541 U.S. 567, 571 (2004). Thus, the plaintiffs must (1) demonstrate (a) that SCS and CIG are indeed corporations, and (b) the citizenship of each of these defendants by proving the states in which they were incorporated and had their principal places of business on February 10, 2011, i.e., provide supporting documentation, certificates of incorporation, and affidavits from those with knowledge of the structure of these defendants, (2) demonstrate Stinson's true name and her citizenship as it existed on February 10, 2011, with supporting documentation, and (3) show that there is jurisdiction under Section 1332. The Court advises the plaintiffs that they must specifically assert citizenship as it existed on February 10, 2011.

**THE COURT'S** independent research reveals that SCS and CIG may be unincorporated associations, e.g., limited liability

3

companies, and thus the plaintiffs should take care to properly assert the citizenship of each. See generally Carden v. Arkoma Assocs., 494 U.S. 185 (1990); Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412 (3d Cir. 2010); Swiger v. Allegheny Energy, 540 F.3d 179 (3d Cir. 2008). The Court notes that the plaintiffs should have ascertained the nature of ownership, and thus the citizenship, of each of these defendants before choosing to bring an action in federal court. See Freedman, 180 Fed.Appx. at 320.

**THE COURT** cautions the plaintiffs — if they opt to move to reopen — against restating the allegations from the Amended Complaint. The Court advises the plaintiffs that an allegation based upon information and belief, an assertion that is not specific (e.g., citizen of "a state other than New Jersey"), or a request for time to discern jurisdiction will result in denial of a motion to reopen. As the plaintiffs are represented by counsel, the Court "should not need to underscore the importance of adequately pleading and proving diversity". CGB Occupational Therapy v. RHA Health Servs., 357 F.3d 375, 382 n.6 (3d Cir. 2004); see Techstar Inv. P'ship v. Lawson, No. 94-6279, 1995 WL 739701, at *4 (E.D. Pa. Dec. 8, 1995) (stating unsupported Section 1332 jurisdiction allegation may violate Federal Rule of Civil Procedure ("Rule") 11); see also Cohen v. Kurtzman, 45 F.Supp.2d 423, 436-38 (D.N.J. 1999) (granting motion under Rule

11 for unsupported jurisdiction allegation); <u>Hussey Copper v. Oxford Fin. Grp.</u>, 121 F.R.D. 252, 253-54 (W.D. Pa. 1987) (same).

**THE COURT** will issue an appropriate order and judgment.

                                      s/ Mary L. Cooper
                                **MARY L. COOPER**
                                United States District Judge

Dated: April 29, 2011